**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **CHARLES RICHARDSON** | : | |
| 1118 Iowa Avenue | : | |
| Pleasantville, NJ 08232 | : | CIVIL NO. _____ |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF ATLANTIC CITY** | : | *JURY TRIAL DEMANDED* |
| 1301 Bacharach Blvd | : | |
| Atlantic City, NJ 08401 | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff Charles Richardson ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant City of Atlantic City ("Defendant"), alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this Complaint contending that Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.* by failing to provide reasonable accommodation(s) to Plaintiff as well as by discriminating and retaliating against Plaintiff because of Plaintiff's actual and/or perceived disabilities, Plaintiff's record of impairment/disability, and Plaintiff's requests for an accommodation.

2.    Plaintiff further contends Defendant violated the New Jersey's Workers' Compensation Law ("NJWCL"), N.J.S.A. 34:15-39.1 and New Jersey common law by discriminating and retaliating against Plaintiff because he filed a workers' compensation claim(s) against Defendant.

**PARTIES**

3.     Plaintiff Charles Richardson is a citizen of the United States and New Jersey who currently resides at 1118 Iowa Avenue, Pleasantville, NJ 08232.

4.     Upon information and belief, Defendant City of Atlantic City is a New Jersey municipality and public employer.

**JURISDICTION AND VENUE**

5.     Paragraphs 1 through 4 are hereby incorporated by reference as though the same were fully set forth at length herein.

6.     On or about January 21, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).

7.     Plaintiff's EEOC Charge was docketed as EEOC No. 530-2025-02930 and was filed within three hundred (300) days of the unlawful employment practice.

8.     By correspondence dated March 27, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising that Plaintiff had ninety (90) days to file suit against Defendant.

9.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

10.     This is an action authorized and instituted pursuant to the ADA and NJLAD.

11.     Plaintiff filed the instant action within the statutory time frame applicable to his claims.

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13. This Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

14. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the unlawful practices of which Plaintiff is complaining were committed herein and because Defendant resides herein.

## FACTUAL BACKGROUND

15. Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16. Plaintiff began his employment with Defendant in or around 2018 as a Laborer in Defendant's Public Works division.

17. In or around February 2020, Plaintiff suffered a back injury while working.

18. Plaintiff thereafter dealt with complications stemming from this injury and underwent treatment that included multiple surgeries and physical therapy.

19. Accordingly, Plaintiff opened a workers' compensation claim(s) against Defendant for his injury and treatment.

20. Plaintiff remained working for Defendant, though he had to take off for his surgeries and recovery.

21. Following his most recent surgery, Plaintiff completed a functional capacity examination on or about January 30, 2024.

22. Plaintiff was then evaluated by his doctor, who cleared him to return to work full duty with no restrictions on February 13, 2024.

23. Accordingly, Plaintiff returned to work without issue.

24.    On or about March 25, 2024, Plaintiff had a follow appointment with his doctor, who informed him that all was good and there was no change from his previous visit.

25.    Plaintiff thus continued working.

26.    However, on or about April 10, 2024, the Director of Public Works, Crystal Lewis ("Ms. Lewis"), informed Plaintiff that they had received a new note from his doctor stating Plaintiff had permanent medium duty restrictions per the functional capacity examination.

27.    Ms. Lewis stated that Plaintiff could not work with these restrictions, despite the fact that he had been working without issue for approximately fifty-four (54) days since returning from his surgery.

28.    Notably, Defendant failed to offer or consider alternative accommodations or a position transfer to enable Plaintiff to remain working.

29.    Rather, Ms. Lewis told Plaintiff he could apply for other jobs through Plaintiff's own initiative.

30.    Plaintiff went back to his doctor and requested a new note clarifying that he was able to perform his job as he had been.

31.    Plaintiff's doctor provided a new note that indicated Plaintiff had permanent medium/heavy restrictions.

32.    Even with these restrictions, Plaintiff was still able to perform the essential functions of his job, as he had been for multiple years after his initial injury.

33.    Still, Ms. Lewis advised Plaintiff they would not allow him to work in his prior job because he was "too high risk" and a "liability."

34.    Defendant also refused to allow Plaintiff to undergo a new functional capacity examination.

35.     Defendant memorialized its discriminatory refusal to allow Plaintiff to work in a letter dated April 10, 2024. Specifically, the letter stated:

> Please be advised Human Resources was notified by the Risk Manager that you have reached your maximum medical improvement (MMI) with permanent work restrictions effective April 9, 2024.
>
> The permanent work restrictions limit the positions available to you. You may search the COAC website for open positions, and apply for any position you think you feel you are qualified.
>
> Please notify us of your decision in writing regarding which position you have applied for by May 1, 2024. Please be advised that applying for an open position does not guarantee that you will be selected. If we are unable to identify a suitable position, your employment will be terminated effective May 8, 2024.

36.     Plaintiff did apply for other jobs with Defendant but was not hired.

37.     Then, in August 2024, Plaintiff received a letter from Defendant officially terminating his employment.

38.     The letter stated: "On March 25, 2024, you were informed that you have reached maximum medical improvement (MMI) and have permanent restrictions. Your employment with the City of Atlantic City will be terminated effective August 23, 2024."

39.     Additionally, attached to the letter was a "Final Notice of Disciplinary Action"" for Plaintiff's termination.

40.     Based on the foregoing, it is believed and therefore averred that Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, for requesting/requiring reasonable accommodation, for his record of disability/impairment, and for filing a workers' compensation claim against Defendant, in violation of the ADA, the NJLAD, the NJCWL, and New Jersey common law.

41.    It is further believed and averred that Defendant failed to accommodate Plaintiff and failed to engage in the interactive process, in further violation of the ADA and NJLAD.

42.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, earnings and earnings potential, and also has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation and career.

## COUNT I
### AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12101, *et seq.*
### <u>UNLAWFUL DISCRIMINATION, RETALIATION, FAILURE TO ACCOMMODATE, & DISCHARGE</u>

43.    Paragraphs 1 through 42 are hereby incorporated by reference as though the same were fully set forth at length herein.

44.    Under the ADA, Plaintiff is a qualified individual with one or more disabilities.

45.    Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

46.    Despite his disability, Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

47.    Plaintiff requested reasonable accommodation(s) related to his disability during his employment with Defendant.

48.    Defendant violated the ADA by discriminating against, retaliating against, and terminating Plaintiff because of his actual and/or perceived disability, his record of impairment/disability, his requests for a reasonable accommodation, and/or his complaints of workplace discrimination.

6

49. Additionally, Defendant violated the ADA by failing to accommodate Plaintiff and failing to engage in the interactive process.

50. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, benefits, raises, and other significant economic benefits, and also has suffered emotional pain and suffering, emotional distress, mental anguish, harm to reputation and career, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and other lost earnings/benefits in an amount to be determined at trial;

B. Compensatory damages in amounts to be determined at trial;

C. Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton and/or malicious conduct;

D. Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

E. Plaintiff's costs, disbursements and attorney's fees incurred in prosecuting this action;

F. Pre-judgment interest in an appropriate amount; and

G. Such other and further relief as is just and equitable under the circumstances.

H.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

**COUNT II**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. § 10:5-1, *et seq.***
**<u>DISABILITY – UNLAWFUL DISCRIMINATION, RETALIATION, FAILURE TO ACCOMMODATE, & DISCHARGE</u>**

51.     Paragraphs 1 through 50 are hereby incorporated by reference as if the same were more fully set forth at length herein.

52.     Pursuant to the NJLAD, Plaintiff is a qualified individual with one or more disabilities.

53.     Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

54.     Despite his disability, Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

55.     Plaintiff requested reasonable accommodation(s) related to his disability during his employment with Defendant.

56.     Defendant violated the NJLAD by discriminating against, retaliating against, and terminating Plaintiff because of his actual and/or perceived disability, his record of impairment/disability, his requests for a reasonable accommodation, and/or his complaints of workplace discrimination.

57.     Additionally, Defendant violated the NJLAD by failing to accommodate Plaintiff and failing to engage in the interactive process.

58.    Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

59.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, benefits, raises, and other significant economic benefits, and also has suffered emotional pain and suffering, emotional distress, mental anguish, harm to reputation and career, and humiliation.

60.    As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the NJLAD.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, bonuses, and other lost earnings/benefits in an amount to be determined at trial;

B.    Compensatory damages in amounts to be determined at trial;

C.    Punitive and/or exemplary damages in amounts to be determined at trial;

D.    Monetary compensation for the amounts expended by Plaintiff on health insurance premiums

E.    Pre-judgment interest in an appropriate amount; and

F.    Such other and further relief as is just and equitable under the circumstances;

G.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

**COUNT III**
**NEW JERSEY WORKERS' COMPENSATION LAW/COMMON LAW**
**N.J.S.A. 34:15-39.1**
**UNLAWFUL DISCRIMINATION, RETALIATION, & DISCHARGE**

61.     Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62.     Under the NJWCL, employers are prohibited, *inter alia,* from discharging or discriminating against an employee with respect to his or her employment because such employee has claimed or attempted to claim workers' compensation benefits.  See N.J.S.A. 34:15-39.1.

63.     The New Jersey Supreme Court has recognized a common law cause of action for wrongful discharge against employers who discharge an employee in violation the NJWCL.

64.     Plaintiff filed a workers' compensation claim(s) against Defendant for his 2020 workplace injury and subsequent medical treatment.

65.     Defendant violated the NJWCL and New Jersey public policy and common law by terminating Plaintiff's employment in retaliation for claiming or attempting to claim workers' compensation benefits.

66.     It is believed and therefore averred that Defendant unlawfully utilized Plaintiff's workers' compensation claim (and related proceedings and medical treatment) as a negative factor in its decision to terminate Plaintiff's employment.

67.     As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, earnings, benefits, raises, and other significant economic benefits, and also has suffered emotional pain and suffering, emotional distress, mental anguish, harm to reputation and career, and humiliation.

10

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B.    Compensatory, exemplary, and/or punitive damages;

C.    Pre-judgment interest in an appropriate amount; and

D.    Such other and further relief as is just and equitable under the circumstances;

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:  */s/ Jake Daniel Novelli, Esq.*
Jake Daniel Novelli, Esquire
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
*Counsel for Plaintiff*

Dated: March 30, 2026

11

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.